UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-3579 DMG (SH)** | Date | February 20, 2015 |
| Title | *Millie Ogden v. Wells Fargo Bank, N.A., et al.* | Page | 1 of 5 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS [23]**

## I.
## PROCEDURAL BACKGROUND

On September 12, 2014, Plaintiff filed the operative Second Amended Complaint ("SAC") against Defendants Wells Fargo Bank, Grant Kwok, Yim Fong Kwok, Michael Kwong, and Howard Hsu. [Doc. # 19.] The SAC asserts claims against the individual defendants for (1) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO") by individual defendants, and (2) RICO conspiracy against individual defendants.

On October 10, 2014, individual defendants Grant Kwok, Yim Fong Kwok, Michael Kwong, and Howard Hsu ("Defendants") filed a Motion to Dismiss ("MTD") Claims One and Two of the SAC. [Doc. #23.] Plaintiff filed her opposition on November 5, 2014. [Doc. # 30.] Defendants filed their reply on November 26, 2014. [Doc. # 39.] The Court deemed this matter appropriate for decision without oral argument and took it under submission. [Doc. # 41.]. For the reasons discussed below, Defendants' motion is **GRANTED**.

## II.
## FACTUAL BACKGROUND[1]

On February 28, 2006, Grant Kwok ("Kwok") opened an account ("Illegal Account") in Plaintiff's name at a Northern California Wells Fargo branch. SAC at ¶ 31. Because Kwok and Plaintiff had a prior relationship, Kwok had her social security number, driver's license number, and date of birth. *Id.* at ¶ 34. At the time, Kwok was working at Wells Fargo and opening customer accounts was one of his responsibilities. *Id.* at ¶ 27. Kwok had previously worked for

---

[1] The Court assumes the truth of the factual allegations in the Complaint solely for purposes of deciding the motion to dismiss.

| | | |
|---|---|---|
| CV 90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-3579 DMG (SH)** | Date | February 20, 2015 |
| Title | *Millie Ogden v. Wells Fargo Bank, N.A., et al.* | Page | 2 of 5 |

Wells Fargo, but resigned in June 2003 as a result of his financial misfeasance and abuse of his position. *Id.* at ¶ 11.

On June 6, 2005, Howard Hsu's company, Q Entertainment SF, LLC, filed for bankruptcy. *Id.* at ¶ 22. The SAC alleges that the Illegal Account was opened by Kwok to help conceal Howard Hsu's $350,000 sale of Q Entertainment SF, LLC ("Club Q Transaction") to Cesar Ascarrunz. *Id.* at ¶ 28. On February 28, 2006, the same day the Illegal Account was opened, Ascarrunz wrote a $60,000 check ("Check") payable to Plaintiff. *Id.* at ¶ 38. At the time, Ascarrunz did not know who Plaintiff was. *Id.* The check was deposited into the Illegal Account on the same day and the money was disbursed to Kwong, Yim Fong Kwok, and Cuong Vuong. *Id.* ¶ 40-42. The Illegal Account was used to conceal an additional $20,000 that was wired in relation to the Club Q Transaction. *Id.* at ¶ 43. On April 4, 2007, Grant Kwok closed the Illegal Account. *Id.* at ¶51.

On April 4, 2007, Ascarrunz called Plaintiff, explained the Club Q Transaction, and asked to be reimbursed the $60,000 from the Check. *Id.* at ¶ 68. Initially, Ascarrunz threatened Plaintiff, but later wanted Plaintiff to extort Kwok in order to get his money back. *Id.* at ¶¶ 73-78. After Plaintiff refused to participate, Ascarrunz filed two lawsuits in San Francisco County Superior Court ("SF Lawsuits") naming Kwok, Hsu, Kwong, and Ogden, among others. *Id.* at ¶ 94. Since the SF Lawsuits were filed, Plaintiff has incurred substantial legal fees. *Id.*at ¶ 97.

On August 28, 2011, Plaintiff filed a local police report with the Monterey Park police department. On September 29, 2011, the police spoke with Grant Kwok who allegedly told them the following lie: " [Ogden] acted as an agent for the sale of Q Entertainment SF, LLC. [Ogden] was aware of the Wells Fargo account opened in her name and [Ogden] did receive a $60,000 payment from Cesar Ascarrunz." *Id.* at ¶¶ 104-06. Kwok followed up with the police by sending them the SF Lawsuits material. *Id.* at ¶ 108.

On February 21, 2014, Ascarrunz sent an email that was meant for Plaintiff, in which he threatened to present testimony of witnesses who would claim Plaintiff was fully involved in the Illegal Account. *Id.*at ¶ 99. On June 30, 2014, the SF Lawsuits were dismissed. *Id.*at ¶ 100.

### III. DISCUSSION

Plaintiff's RICO claims fail for the following reasons: (1) failure to allege an injury to Plaintiff's business or property under the Racketeer Influenced and Corrupt Organizations Act

| | | |
|---|---|---|
| CV 90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-3579 DMG (SH)** | Date | February 20, 2015 |
|---|---|---|---|
| Title | *Millie Ogden v. Wells Fargo Bank, N.A., et al.* | Page | 3 of 5 |

("RICO"), 18 U.S.C. § 1961 *et seq.*, (2) failure to allege a RICO enterprise, and (3) failure to allege a pattern of racketeering activity.

**A.     The SAC Fails to State a Claim Under RICO**

**1.     Legal Fees Are Not a Valid Injury under RICO.**

A private plaintiff may raise a claim under RICO if he is "injured in his business or property" because the defendant violated one of RICO's criminal provisions set forth in 18 U.S.C. § 1962. *Hemi Gp., LLC v. City of New York*, 559 U.S. 1, 130 S. Ct. 983, 987, 175 L. Ed. 2d 943 (2010) (quoting 18 U.S.C. § 1964(c)). "[A] showing of injury requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest." *Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (internal citations and quotation marks omitted). Here, the Plaintiff's claim for damages is comprised of her "substantial legal fees in connection with cleaning up the mess left in the wake of her identity theft." SAC at ¶ 153.

The Ninth Circuit has generally refused to recognize legal fees as a valid injury to business or property under RICO. *Thomas v. Baca*, 308 Fed. App'x 87, 88 (9th Cir. 2009) ("This court has not recognized the incurrment of legal fees as an injury cognizable under RICO, and we decline to do so here"); *see also Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1086 (C.D. Cal. 2009) (attorneys' fees and legal expenses not compensable in a RICO claim); *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1204 (C.D. Cal. 2008) (legal fees do not satisfy the concrete financial injury requirement in a RICO action).

**2.     Plaintiff Fails to Allege an "Enterprise" or Common Purpose.**

Under RICO, a plaintiff must allege that the illegal activity was carried out by "any person employed by or associated with any enterprise." *Boyle v. United States*, 556 U.S. 938, 943, 129 S. Ct. 2237, 173 L. Ed. 2d 1265 (2009) (citing 18 U.S.C. § 1962(c)). The Supreme Court has held that "an enterprise includes any union or group of individuals associated in fact." *Id*. at 944 (internal citation and quotation marks omitted). "RICO reaches a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* Furthermore, "an 'enterprise' is not a 'pattern of racketeering activity' but is an entity separate and apart from the pattern of activity in which it engages." *United States v. Turkette*, 452 U.S. 576, 577, 101 S. Ct. 2524, 2525, 69 L. Ed. 2d 246 (1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-3579 DMG (SH)** | Date | February 20, 2015 |
|---|---|---|---|
| Title | *Millie Ogden v. Wells Fargo Bank, N.A., et al.* | Page | 4 of 5 |

In the present case, Plaintiff has alleged multiple variations of an enterprise. SAC at ¶¶ 139-148.[2] Each enterprise suffers from the same fatal flaw: the alleged common purpose to defraud Plaintiff of her money and property is undermined by other facts in the SAC. Each actor in the enterprise moved separately from the other regarding the alleged common purpose. The culmination of those actions led to the SF Lawsuits filed by dismissed Defendant Ascarrunz against Defendants and Plaintiff. Further, Plaintiff was never actually defrauded of her money or property by either alleged enterprise.

### 3. Plaintiff Fails to Allege a Pattern of Racketeering Activity

In order to prove a "pattern of racketeering activity," the Court "requires the showing of a relationship between the predicates and of the threat of continuing activity." *Howard v. America Online, Inc.*, 208 F.3d 741, 747 (9th Cir. 2000) (internal citation and quotation marks omitted). In order to prove a relationship, the predicates should "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise [be] interrelated by distinguishing characteristics and . . . not [be] isolated events." *H. J. Inc. v. Nw. Bell Tel. Co*, 492 U.S. 229, 240, 103 P.U.R. 4th 513, 109 S. Ct. 2893 (1989); *see also Sedima v. Imrex Co.*, 473 U.S. 479, 496, n. 14, 105 S. Ct. 3275, 87 L. Ed. 2d 342 (1985). "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." *H. J. Inc.*, 492 U.S. at 230. In cases where continuity has not been sufficiently established, "liability depends on whether the *threat* of continuity is demonstrated." *Id.* at 242.

Here, Plaintiff alleges a variety of predicate acts, including the Club Q Transaction, Kwok's sending of prejudicial information to a police officer, the opening of the Illegal Account, and extortion relating to the SF Lawsuits. SAC at ¶¶ 131-138. The purpose of each action was different and involved largely different actors (although most of the events other than the SF Lawsuits involved Kwok). *Id.* While the Defendants were tangentially linked, there are no distinguishing characteristics alleged in the SAC that would elevate the relationship beyond isolated events. As for continuity of the activity, Defendants' alleged predicate acts occurred within a 14-month period over seven years ago. SAC at ¶¶ 28, 31, 40-51, 59-64, 67-84. The alleged extortion email sent by dismissed Defendant Ascarrunz in February 2014 is the only predicate act that occurred outside the 14-month period from February 28, 2006 to April 20, 2007. SAC at ¶ 99. Thus, continuity is not established.

---

[2] Plaintiff alleges that Kwok, Yim Fong, Hsu, Kwong, and Ascarrunz constituted the "Ascarrunz Enterprise," (SAC at ¶ 140) or, in the alternative that Kwok, Yim Fong, Kwong, and Hsu constituted the "Hsu Enterprise," (SAC at ¶ 142), that Ogden was an individual who constituted an enterprise (SAC at ¶ 144), or that Q Entertainment SF, LLC was an individual who constituted an enterprise (SAC at ¶ 145).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-3579 DMG (SH)** | Date | February 20, 2015 |
|---|---|---|---|
| Title | *Millie Ogden v. Wells Fargo Bank, N.A., et al.* | Page | 5 of 5 |

The SAC also alleges no facts giving rise to even an inference that the threat of continuing racketeering activity exists. The Illegal Account was closed in 2007 and the SF Lawsuits against Plaintiff were dismissed in June 2014.

Leave to amend should not be given where any amendment would be futile. Plaintiff has failed to adequately plead three elements necessary to establish a RICO claim: (1) injury, (2) an "enterprise," and (3) a pattern of racketeering activity, and it does not appear that any additional amendments to the pleadings could remedy these deficiencies. Accordingly, Claim 1 is dismissed without leave to amend.

**B.    The Complaint Fails to State a Claim for RICO Conspiracy**

The Ninth Circuit has held that a "failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy." *Howard*, 208 F.3d at 751. "To establish a violation of section 1962(d), Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Id.*; *see also Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) ("a RICO conspiracy requires proof of an arrangement to violate a substantive RICO provision."). Here, Plaintiff failed to adequately plead a substantive violation of RICO. Thus, Plaintiff is barred from bringing a claim of conspiracy to commit RICO acts under section 1962(d).

Because Plaintiff has not pleaded and cannot plead a substantive RICO claim, it would be futile to allow an amendment to cure the defective pleading of a RICO conspiracy. Accordingly, Claim 2 is dismissed without leave to amend.

## IV.
## CONCLUSION

In light of the foregoing, Defendants' Motion to Dismiss is **GRANTED** as follows:

(1)    Claim 1 of the SAC (violation of 18 U.S.C. § 1962(c)) is dismissed with prejudice as to the moving defendants; and

(2)    Claim 2 of the SAC (violation of 18 U.S.C. § 1962(d) by conspiring to violate § 1962(c)) is dismissed with prejudice as to the moving defendants.

**IT IS SO ORDERED.**